UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER SANDERS
FDOC Inmate #R24565,
 Plaintiff,

v.              Case No. 3:23cv15473/TKW/ZCB

MAJOR JACKSON, et al.,
 Defendants.
          /

## REPORT AND RECOMMENDATION

  Plaintiff Christopher Sanders is a Florida inmate proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. His amended complaint seeks redress from employees of the Florida Department of Corrections and employees of a private medical services contractor. (Doc. 9). After reviewing the amended complaint, the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because of Plaintiff's abuse of the judicial process.

  The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's

1

complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 9 at 18-20).[2] Question C of Section VIII asked Plaintiff if he had filed any other lawsuit in federal court relating to the conditions of his confinement. (*Id.* at 19). Plaintiff checked the box for "YES" and listed two prior cases from the Middle

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

[2] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

District of Florida: (1) *Sanders v. Starling*, 3:19cv430/MMH (M.D. Fla.) and (2) *Sanders v. Inch*, 3:22cv668/BJD (M.D. Fla). (Doc. 9 at 19). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing . . . is true and correct." (*Id*. at 20-21).

Plaintiff, therefore, certified that at the time he filed this case on June 12, 2023, he had not filed any other lawsuit (apart from the two disclosed on the complaint form) in federal court relating to the conditions of his confinement.[3] The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915A(a) to determine whether it is subject to dismissal for any of the grounds listed in paragraph (b) of that statute, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to Public Access to Court Electronic Records (PACER), Plaintiff commenced the following actions prior to filing his complaint in this case:

- *Sanders v. Kleinhans*, Case No. 3:17cv1247/HLA/PDB (M.D. Fla.) (delivered to prison staff for mailing on November 8, 2017; filed on the docket on November 13, 2017). The district court granted

---

[3] The "filed" date is the date Plaintiff certified that he delivered the complaint to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court). Plaintiff's initial pleading and mailing envelope include date stamps initialed by Plaintiff as delivered to prison officials for mailing on June 12, 2023. (Doc. 1 at 1, 23).

summary judgment in favor of the defendant on July 24, 2019.

- *Sanders v. Green, et al.*, Case No. 3:14cv1493/MMH/PDB (M.D. Fla.) (delivered to prison staff for mailing on December 10, 2014; filed on the docket on December 15, 2014). The district court dismissed the case with prejudice on November 14, 2018, pursuant to the parties' joint stipulation.

How does the Court know that this Christopher Sanders and the Christopher Sanders who commenced the above cases are one and the same? The plaintiff in the cases above listed FDOC Inmate #R24565 on his initial pleadings. Plaintiff lists the same inmate number on the initial complaint in this case. (Doc. 1 at 1).

In *Sanders v. Kleinhans*, Plaintiff sued a doctor for deliberate indifference in violation of the Eighth Amendment. (3:17cv1247, Doc. 2). Plaintiff alleged that the doctor was deliberately indifferent to his need for surgery after he was allegedly beaten by several correctional officers at Suwannee Correctional Institution on May 20, 2014. (*Id.*). As previously indicated, the district court granted summary judgment in favor of the defendant. (*Id.,* Doc. 39).

In *Sanders v. Green, et al.*, Plaintiff sued numerous members of the correctional and medical staff at Suwanee C.I. for alleged violations of his constitutional rights. Plaintiff alleged that correctional officers used excessive force against him and deprived him of his property in retaliation for his filing grievances.

(3:14cv1493, Doc. 1). He alleged that members of the medical staff deprived him of medical treatment for injuries he suffered from the use of force. (*Id.*). The district court granted partial summary judgment in favor of some of the defendants on March 14 2018. (*Id.*, Doc. 145). On November 16, 2018, the court dismissed the remaining claims upon the parties' joint stipulation. (*Id.*, Docs. 175, 177).

The two lawsuits cited above were clearly federal lawsuits "relating to the conditions of confinement" that Plaintiff filed before commencing the current case on June 12, 2023. As such, Plaintiff was required to identify both cases on the complaint form in this case. Yet he did not.

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v.*

5

*Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 9 at 20). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

6

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 16th day of October 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**